UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHAPLAINCY OF FULL GOSPEL CHURCHES**, *et al.*, <br>             Plaintiffs, <br><br> v. <br><br> **THE HONORABLE GORDON R. ENGLAND**, *et al.*, <br>             Defendants. <br><br> **ROBERT H. ADAIR**, *et al.*, <br>             Plaintiffs, <br><br> v. <br><br> **THE HONORABLE GORDON R. ENGLAND**, *et al.*, <br>             Defendants. | Civil Actions 99-2945/00-566  (RMU/JMF) |

**MEMORANDUM OPINION**

These cases were referred to me by Judge Urbina for the resolution of discovery disputes. Currently pending before me is the issue of whether the deliberations of the Navy Chaplain Corps' active-duty selective early retirement selection boards are discoverable. For the reasons stated herein, I find that such deliberations are discoverable.

**I.     BACKGROUND**

Current and former non-liturgical Protestant members of the Navy Chaplain Corps and their endorsing agency, the Chaplaincy of the Full Gospel Churches (collectively "plaintiffs"), brought these two lawsuits against the Navy, the Secretary of the Navy, and Navy officials (collectively "defendants" or "Navy") alleging that the Navy has established, promoted, and

maintained religious quotas and other discriminatory practices in the Navy Chaplain Corps in violation of the First and Fifth Amendments and the Religious Freedom Restoration Act ("RFRA") of 1993, 42 U.S.C. § 2000-bb *et seq*.[1]  Plaintiffs allege that the Navy's discriminatory practices favor Catholic and liturgical Protestant chaplains to the detriment of non-liturgical Protestant chaplains.[2]  Plaintiffs' specific allegations include the assertion that the Navy discriminates against non-liturgical Protestant chaplains in promotion and retention.  The two lawsuits were consolidated for the limited purpose of consideration and determination of preliminary motions.

On October 29, 2002, plaintiffs filed a <u>Motion for an Order Requiring Defendant Secretary of the Navy to Release Personnel Associated with Chaplain Promotion Boards From Their Oath Not to Disclose Promotion Board Proceedings</u>.  In that motion, plaintiffs sought an order permitting discovery of the deliberations of active-duty promotion and selective early retirement selection board proceedings.  Judge Urbina granted the motion, finding that the requested discovery was reasonably calculated to lead to the discovery of admissible evidence, that the deliberations were not shielded from discovery by the deliberative process privilege, and that 10 U.S.C. § 618(f) does not bar civil discovery of selection board deliberations. <u>Chaplaincy</u>

---

[1] All references to statutory materials are to the electronic versions that appear in Westlaw and Lexis.

[2] Liturgical Protestant refers to Christian denominations whose religious services are characterized by a set liturgy or order of worship (*e.g.* Lutheran, Episcopal, Presbyterian, Methodist). Adair plaintiffs' <u>Class Action Third Amended Complaint for Declaratory Judgment, Injunction and Equitable Relief to Address Defendants' Unconstitutional Religious Discrimination, Violations of First and Fifth Amendments, and the Religious Freedom Restoration Act</u> at ¶ 7(a).  Non-liturgical Protestant refers to Christian denominations or faith groups whose services do not involve a formal liturgy or order of worship (*e.g.* Baptist, Evangelical, Pentecostal, Charismatic). <u>Id.</u> at ¶ 7(b).

of Full Gospel Churches, et al. v. Johnson, 217 F.R.D. 250, 256-61 (D.D.C. 2003).

The Navy appealed the order granting plaintiffs' motion and the court of appeals ruled that 10 U.S.C. § 618(f) operates as a complete bar to discovery of the deliberations of active-duty *promotion* selection boards. In re England, 375 F.3d 1169, 1177-82 (D.C. Cir. 2004). The court of appeals noted that section 618(f) expressly references *promotion* selection boards, but contains no reference to *continuation on active-duty* or *selective early retirement* selection boards. Id. at 1181-82. Accordingly, the court of appeals reversed Judge Urbina's order with regard to promotion boards only and vacated the order with regard to continuation on active-duty and selective early retirement boards, remanding for determination by this court whether there is a statutory prohibition to discovery of continuation on active-duty and selective early retirement boards. As the court of appeals explained:

> [I]n reversing the district court's decision with respect to promotion selection boards, we do not decide whether proceedings of other statutory selection boards are discoverable. Neither the district court nor the parties addressed that as a distinct question, and analysis of it may turn in part on a proper understanding of Section 618(f). We accordingly, vacate the district court's decision with respect to continuation on active-duty and selective early retirement selection boards, and remand for further consideration. The parties should be afforded the opportunity to litigate, and the district court in the first instance to decide, whether continuation on active-duty and selective early retirement board proceedings are protected, and to what extent, in light of our decision on the proper reading of Section 618(f).

Id. at 1182.

Pursuant to the court of appeals decision, a briefing schedule was established and the parties submitted argument whether active-duty selective early retirement board deliberations are

discoverable.[3] See Plaintiffs' Brief in Response to the Court's 4/4/05 Minute Order on Why 10 U.S.C. § 618(f)'s Bar to Discovery of Proceedings of Promotion Boards Convened Under 10 U.S.C. § 611(a) Can Not Apply to Selective Early Retirement and Continuation Boards Convened Under 10 U.S.C. § 611(b) ("Pls. Brief"); Defendants' Opening Memorandum Regarding the Discoverability of Deliberations of Navy Chaplain Corps Active-Duty Selective Early Retirement Boards ("Defs. Br."); Plaintiffs' Reply to Defendants' Opening Memorandum Regarding Discoverability of Deliberations of Navy Chaplain Corps Active-Duty Selective Early Retirement Boards ("Pls. Reply Br."); Defendants' Reply Memorandum Regarding the Discoverability of Deliberations of Navy Chaplain Corps Active-Duty Selective Early Retirement Boards ("Defs. Reply Br.").

## II. DISCUSSION

### A. There Is No Statutory Prohibition to the Discovery of Active-Duty Selective Early Retirement Selection Board Deliberations

*1.    The Statutory Framework*

The Navy's personnel system, which applies to all officers, including chaplains, is governed by 10 U.S.C. §§ 501 *et seq.* (the "statute"). Under this system, promotion, continuation on active-duty, and selective early retirement determinations involve a selection board comprised of naval officers who deliberate, make selections, and then submit their recommendations to the Secretary of the Navy. See 10 U.S.C. §§ 611-640. Selection boards for promotion are convened

---

[3] In their briefs, both plaintiffs and defendants stated that the discoverability of *continuation on active-duty* selection boards is not an issue before the court because plaintiffs are not presently seeking discovery related to such selection boards. Pls. Br. at 4; Defs. Br. at 5. However, both plaintiffs and defendants reserved their rights to raise that issue at a later date if necessary. Pls. Br. at 4; Defs. Br. at 5.

under 10 U.S.C. § 611(a), while selection boards for continuation on active-duty and selective early retirement are convened under 10 U.S.C. § 611(b). 10 U.S.C. §§ 611(a)-(b).  The procedures under the two provisions differ.  One significant difference is that, for promotions, the Secretary of the Navy forwards the recommendations to the Chairman of the Joint Chiefs of Staff and the Secretary of Defense, and the ultimate appointment is made by the President, subject to confirmation by the Senate for promotions above the rank of lieutenant. 10 U.S.C. § 618.  In comparison, the Secretary of the Navy has final authority over continuation on active-duty and selective early retirement determinations. See 10 U.S.C. §§ 637(c), 638.  Another significant difference is that the statute provides guidelines dictating what the selection board may consider for promotion recommendations, see 10 U.S.C. § 615, but the statute contains no such guidelines for continuation on active-duty and selective early retirement selection boards, see 10 U.S.C. §§ 637, 638.  The most significant difference for present purposes is that the statute contains a strict confidentiality provision for the deliberations of promotion boards, but contains no such provision for continuation on active-duty or selective early retirement boards. See 10 U.S.C. §§ 618(f), 637, 638.

As part of the Defense Officer Personnel Management Act ("DOPMA") of 1980, Pub. L. No. 96-513, 94 Stat. 2835 (codified as amended in scattered sections of 10 U.S.C.), Congress enacted section 618(f), which provides: "Except as authorized by this section, proceedings of a selection board convened under section 611(a) of this title may not be disclosed to any person not a member of the board." 10 U.S.C. § 618(f).  In reversing Judge Urbina's order allowing for discovery of selection board deliberations, the court of appeals held that, by its express language, section 618(f) operates as a complete bar to disclosure and "block[s] civil discovery of promotion

selection board proceedings in civil litigation." In re England, 375 F.3d at 1181.  There is no provision like section 618(f) pertaining to continuation on active-duty and selective early retirement boards; however, the Navy has issued regulations requiring that *all* selection board members take an oath that they "will not disclose the proceedings or recommendations of the board except as authorized or required by SECNAV or higher authority." SECNAV 1420.1 ¶ 12(f) (1991).  The issue presently before the Court is whether the deliberations of active-duty selective early retirement boards are discoverable in civil litigation and, if so, to what extent.

### 2. *Plaintiffs' Arguments in Favor of Discoverability*

Plaintiffs argue that the rules of statutory construction and Constitutional law dictate a finding that Congress intended to allow discovery into selective early retirement board proceedings.  Plaintiffs base that assertion on six arguments.  First, plaintiffs argue that Congress's intent to allow disclosure of such deliberations is evident from its decision to place restrictions on disclosure in sections of the statute relating to promotion boards, while not placing similar restrictions in sections relating to selective early retirement boards. Pls. Br. at 29. Plaintiffs bolster this argument by stressing the statute's separate and distinct treatment of the two types of selection boards. Id. at 31-32.  Second, plaintiffs argue that the legislative history of DOPMA contains no hint of an intent to bar discovery of selective early retirement boards. Id. at 32.  Third, plaintiffs argue that defendants have not presented "clear and convincing evidence" that Congress intended to restrict judicial review of selective early retirement boards' decisions and, therefore, courts must presume that Congress intended to allow judicial review. Id. at 33. Fourth, plaintiffs argue that courts must presume that Congress knew the law in effect at the time it passed the statute, which in this case would have required Congress to use express language in

6

order to restrict discovery, and that Congress expected the law to apply to the statute as written. Id. at 33-36.  Fifth, plaintiffs argue that RFRA, trumps any limitation on the discovery of the deliberations of selective early retirement boards. Id. at 36.  Finally, plaintiffs argue that the constitutional mandates of due process, the right to petition for redress, the Establishment Clause, and the separation of powers doctrine protect their right to the discovery of selective early retirement board deliberations. Id. at 11.

### 3. *Defendants' Arguments Against Discoverability*

Defendants argue that Congress intended section 618(f)'s bar to the disclosure of promotion board proceedings to also apply to selective early retirement boards.  Defendants' reasoning is as follows.  Congress has explained that section 618(f)'s non-disclosure requirement for promotion boards is necessary to "encourage candid discussions free from outside interference." Defs. Reply Br. at 18 (quoting S. Rep. 102-482 at 2).  At the same time, Congress delegated to the military the authority to prescribe regulations for selective early retirement boards. Id. (citing 10 U.S.C. §§ 611(c), 638(e)(1)).  The Secretary of the Navy used that delegation of authority to extend section 618(f)'s confidentiality requirement to selective early retirement boards. Id.  Specifically, the Secretary of the Navy issued a regulation requiring that all selection board members, regardless of the type of board, take an oath that they will not disclose the board's deliberations. Id. (citing SECNAVINST 1420.1 ¶¶ 12(f), 24(c) (1991); SECNAVINST 1420.1A ¶¶ 11(c), 5(i)(1) (1982)).  Defendants assert that, because Congress delegated to the Navy the authority to establish procedures for selective early retirement boards and because the military is typically afforded deference in its personnel decisions, Congress intended to allow the Navy to establish regulations prohibiting the disclosure of selective early

7

retirement board proceedings as broadly as Congress did for promotion board proceedings. Defs. Br. at 17-20.

Subsequently, with the knowledge of the Navy's oath requirement, Congress enacted 10 U.S.C. § 14104, which contains a nondisclosure requirement similar to section 618(f), but that limits disclosure of *both* promotion and selective early retirement board proceedings in the reserve forces. Defs. Reply Br. at 18. In enacting this nondisclosure requirement for the reserve forces, Congress stated that it is parallel to the prohibition contained in section 618(f). Id. (citing H.R. Rep. 103-84 at 37-38). Based on this string of events, defendants argue that the inference can be drawn that Congress intended the deliberations of active-duty selective early retirement boards to be protected from discovery.

    4.  *Analysis*

The tenants of statutory construction require me to find that there is no statutory prohibition against the discovery of active-duty selective early retirement board deliberations in civil litigation. Most fundamentally, "'where the terms of a statute are unambiguous, judicial inquiry is complete,' *Adams Fruit Co. v. Barrett*, 494 U.S. 585 (1990), and resort to 'the more controversial realm of legislative history' is unnecessary." In re England, 375 F.3d at 1178 (quoting Lamie v. United States Tr., 540 U.S. 526, 536 (2004)). There is absolutely nothing in the statute that limits the disclosure of information relating to active-duty selective early retirement board deliberations. The only provision that prohibits disclosure of selection board deliberations is section 618(f), which is expressly limited to *promotion* boards. "When 'Congress includes particular language in one section of a statute but omits it in another section of the same Act,' we have recognized, 'it is generally presumed that Congress acts intentionally

8

and purposefully in the disparate inclusion or exclusion.'" Clay v. United States, 537 U.S. 522, 528 (2003) (quoting Russello v. United States, 464 U.S. 16, 23 (1983)). The lack of a provision like 618(f) relating to *selective early retirement* boards demonstrates Congress's intent to treat the two boards differently. Another district court recently addressed this same issue and came to the same conclusion: "a plain reading of the statute in no way suggests that the restrictive language of section 618(f) should be extended to retirement board proceedings." Wilkins v. United States, No. 99-cv-1579, at 5 (S.D. Cal. Dec. 23, 2003) (Order Denying Defendants' Motion for Reconsideration of the Court's November 13, 2003 Order) (hereinafter "Wilkins").

 Moreover, it is well established that courts are to avoid construing confidentiality provisions in statutes as barring disclosure for discovery purposes unless the statute clearly and unambiguously requires such suppression. See, e.g., Baldridge v. Shapiro, 455 U.S. 345, 360 (1982); St. Regis Paper Co. v. United States, 368 U.S. 208, 218 (1961); Friedman v. Bache Halsey Stuart Sheilds, Inc., 738 F.2d 1336, 1343-44 (D.C. Cir. 1984). There is no unambiguous statutory provision barring the disclosure of information here. In fact, there is no provision at all. Under the plain language of the statute and the well established requirement that statutory bars to discovery be made expressly, I must find that there is no statutory prohibition to the discovery of selective early retirement board deliberations.

 Even if the Court were to look beyond the language of the statute to Congress's subsequent actions and to the Navy's regulations, as defendants suggest, the outcome would be the same. First, Congress's subsequent passage of 10 U.S.C. § 14104, in which it restricted the disclosure of the deliberations of both promotion and selective early retirement selection boards in the reserve forces, does not support defendants' argument because section 14104 contains

9

different language than section 618(f).  Specifically, section 14104 permits disclosure when "otherwise authorized or required by law." 10 U.S.C. § 14104.  The Federal Rules of Civil Procedure constitute "law" as that term is ordinarily understood and, therefore, discovery pursuant to those rules would fall within section 14104's "required by law" exception to non-disclosure.  See ICG Commc'ns, Inc. v. Allegiance Telecom, 211 F.R.D. 610, 612-13 (N.D. Cal. 2002) (the phrase "[e]xcept as required by law" in 47 U.S.C. § 222(c)(1), which protects the confidentiality of customer proprietary network information in the telecommunications industry, allows the court to compel production of documents pursuant to the Federal Rules of Civil Procedure).  In contrast, section 618(f) has a significantly narrower exception, permitting disclosure only "as authorized by this section." 10 U.S.C. § 618(f).  Accordingly, Congress's subsequent restriction of the disclosure of the deliberations of selective early retirement boards in the reserve forces, which allows for disclosure when "otherwise authorized or required by law," does not evidence an intend to bar civil discovery of the deliberations of similar boards in the active-duty forces.

Second, Congress's knowledge of the Secretary of the Navy's regulation requiring that all selection board members swear an oath of confidentiality and Congress's reference to that requirement when enacting section 14104 does not equate Congress's ratification of the Navy's non-disclosure requirement.  While it may be true, as defendant hypothesizes, that Congress intended to ban the disclosure of selective early retirement boards, courts should not speculate as to Congress's intent.  See Wilkins, at 7.  Moreover, the fact that Congress enacted section 14104, which addresses the issue of the confidentiality of selection board proceedings, while choosing to not expressly extend section 618(f)'s disclosure limitations to selective early retirement boards,

10

just as likely evidences Congress's intent to continue to treat selective early retirement boards differently from promotion boards. See Id.

Third, defendants' argument that Congress's delegation of authority to the Navy evidences an intent to allow the Navy to establish regulations preventing the disclosure of selective early retirement board deliberations in civil discovery is contrary to the fundamentals of statutory construction already discussed. The fact remains that the statute does not contain a clear and unambiguous prohibition of the discovery of selective early retirement proceedings. A delegation of authority to the Navy to promulgate regulations in no way constitutes such a clear and unambiguous intent. Moreover, in section 611(c), Congress delegated to the Secretary of Defense the authority to prescribe regulations for *both* promotion and selective early retirement boards, but only expressly limited the disclosure of promotion board proceedings.

In summary, under the plain language of the statute and the well established requirement that statutory bars to discovery be made expressly, I must find that there is no statutory prohibition to the discovery of active-duty selective early retirement board deliberations.

### B. Whether Selective Early Retirement Board Deliberations Are within the Scope of Rule 26(b)(1) or Shielded by the Deliberative Process Privilege

Defendants argue that, even if there is no statutory bar to the discovery of selective early retirement board deliberations, such discovery should not be permitted in this case because the deliberations are irrelevant to plaintiffs' claims and protected by the deliberative process privilege. Defs. Br. at 22. These arguments were already briefed before and rejected by Judge Urbina. See Chaplaincy of the Full Gospel Churches, 217 F.R.D. at 256-58. Judge Urbina held that the testimony of selection board personnel with direct knowledge of board proceedings is

reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b)(1), id. at 256, and that the deliberative process privilege does not shield the deliberations from discovery because there is a factual basis for plaintiffs' belief that the requested testimony would yield evidence of government misconduct, id. at 258. The court of appeals' ruling relating to section 618(f) in no way affected these findings on relevance and the deliberative process privilege and it would not be appropriate for me to revisit those arguments now.

### III.  CONCLUSION

For the foregoing reasons, I find that the discovery of deliberations of active-duty selective early retirement boards is not prohibited by 10 U.S.C. § 501 *et seq.* In previously ruling on plaintiffs' motion to compel the testimony of selection board personnel, Judge Urbina directed the parties to jointly propose a plan of discovery regarding that testimony. Chaplaincy of Full Gospel Churches, 217 F.R.D. at 260-61. Specifically, he instructed that "the scope and manner of discovery in this case must take into account the defendants' interest in preventing a chill in selection-board discussion, the defendants' interest in maintaining integrity in selection-board proceedings, and the plaintiffs' interest in direct evidence of possible religious discrimination" and permitted "the plaintiffs to conduct limited discovery of selection-board personnel in a manner that is focused and that minimizes the possibility of harm to the selection-board process." Id. Accordingly, I direct the parties to submit, within fourteen calendar days of this memorandum opinion, a joint status report that outlines the parties' plan of discovery regarding active-duty selective early retirement board deliberations.

_____
JOHN M. FACCIOLA
Dated:                                                         UNITED STATES MAGISTRATE JUDGE